1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN LAVELLE WALTON,                         No.  2:15-cv-0013 CKD P

12                  Petitioner,

13           v.                                      ORDER

14   RONALD RACKLEY,

15                  Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis.  Examination

19   of the in forma pauperis request reveals petitioner is unable to afford the costs of this action.

20   Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

21          Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all

22   petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the

23   petitioner is not entitled to relief.  Petitioner has consented to have all matters in this action before

24   a United States Magistrate Judge.  See 28 U.S.C. 636(c).

25          In his petition, petitioner complains about information presented in a document titled

26   "Comprehensive Risk Assessment for the Board of Parole Hearings" (CRA).  Pet., Ex. A.  The

27   document is dated May 23, 2012.  Id. at 14.  Apparently the information included in the

28   document was considered by the California Board of Parole Hearings when petitioner was

                                                  1

1  considered for parole in August of 2012.  Pet. at 6"F."  Petitioner asks that the court order the

2  "CRA at issue . . . be expunged and removed from petitioner's central file, mental health file and

3  order a new CRA without mention of the [Rules Violation Report][1] and the psychological reports

4  dated from March 16, 2012 to August 2013."

5          Generally speaking, a federal court entertains an application for writ of habeas corpus

6  filed by a state prisoner only if the prisoner alleges he is in in custody in violation of federal law.

7  28 U.S.C. § 2254(a).  The relief which may be granted is either release from prison or reduction

8  of sentence.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Petitioner seeks neither release

9  from prison, nor a reduction of sentence and nothing suggests such relief is warranted.

10          Apparently, petitioner is under the impression that if the CRA at issue is removed from

11  consideration at his next parole hearing, his prospects for parole improve.  However, he fails to

12  point to anything which reasonably suggests as much.  Furthermore, in Swarthout v. Cooke, 131

13  S. Ct. 859 (2011), the Supreme Court found that prisoners being considered for parole under

14  California law have a right arising under the Due Process Clause of the Fourteenth Amendment to

15  be heard at their parole proceedings and to be provided with a statement of reasons for denial of

16  parole.  Id. at 862.  The Court specifically rejected the notion that there can be a valid claim under

17  the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding.  Id. at

18  862-63.  Since insufficiency of evidence presented at a parole proceeding is not a valid basis for

19  habeas relief, the court cannot grant habeas relief based upon inaccurate evidence being presented

20  at the hearing.  Put another way, if the court has no reason to concern itself with whether the

21  evidence presented at a parole proceeding met a certain evidentiary threshold, the court has no

22  reason to concern itself with whether the evidence which was presented was misleading.[2]

23  ─────────────────────

24  [1]  A "Rules Violation Report" is a document used by California Department of Corrections and
    Rehabilitation staff to charge an inmate with a violation of institutional rules.  Petitioner asserts
25  the Rules Violation Report to which he refers above was never actually adjudicated.

26  [2]  The court notes that plaintiff has a right arising under California law to have any decision
    denying him parole be supported by at least "some evidence."  In re Lawrence, 44 Cal.4th 1181,
27  1212 (2008).  This implies that petitioner also has a right under California law to not have a
    denial of parole based upon evidence that is patently false.  Petitioner's avenue of recourse with
28  respect to violations of California law lies within California's courts because, as indicated above,

1    Because it is plain that petitioner is not entitled to any relief authorized in a federal habeas

2    action, petitioner's application for writ of habeas corpus will be summarily dismissed, and this

3    case will be closed.

4    Accordingly, IT IS HEREBY ORDERED that:

5    1.  Petitioner's request to proceed in forma pauperis (ECF No. 4) is granted;

6    2.  Petitioner's petition for writ of habeas corpus is summarily dismissed;

7    3.  This case is closed; and

8    4.  The court declines to issue the certificate of appealability referenced in 28 U.S.C. §

9    2253.

10   Dated:  February 5, 2015

11   _____
     CAROLYN K. DELANEY

12   UNITED STATES MAGISTRATE JUDGE

13

14

15   1
     moff2139.114(p)

16

17

18

19

20

21

22

23

24

25

26

27

28   federal habeas relief cannot be based upon a violation of state law.  See 28 U.S.C. § 2254(a).